IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CINDY DELGIORNO,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **SANOFI US SERVICES INC., et al.,** | : | |
| *Defendants*. | : | **NO.  23-cv-04264** |

**MEMORANDUM**

**KENNEY, J.**                                                                                       **JANUARY 29, 2024**

## I.   INTRODUCTION

The Court writes for the benefit of the parties and will therefore assume familiarity with the details of this litigation. To summarize briefly, this case is part of a multi-district litigation ("MDL") that was consolidated with the filing of a Master Complaint on March 31, 2017. ECF No. 8, Ex. B at 2. Plaintiffs asserted several tort claims arising out of the allegation that the chemotherapy drugs Taxotere and docetaxel caused permanent chemotherapy induced alopecia (*i.e.*, permanent hair loss). *Id.* at 1-2. In the MDL proceedings, Plaintiff Cindy DelGiorno filed a Short Form Complaint that identified case-specific information via text boxes and checkboxes. *See* ECF No. 26, Ex. 2. Twice, MDL plaintiffs sought leave to amend the Master Complaint, and the MDL Court granted that leave. ECF No. 8, Ex. B at 2-3. Plaintiffs sought leave to amend their Master Complaint a third time to change the definition of the injury from permanent hair loss that manifests six months after chemotherapy, to permanent hair loss on a timeframe that "varies from patient to patient." *Id.* at 3. The MDL Court denied that motion on December 11, 2019, asserting that Plaintiffs were seeking to redefine the injury in order to save cases that would have been dismissed for violating the statute of limitations. *Id.* at 3-4. The MDL Court also noted that

allowing amendment of the Master Complaint at that time would "negate a significant amount of the work that has been done in this MDL." ECF No. 27, Ex. G at 4.

On November 2, 2023, this case was transferred from the MDL Court to this Court. ECF Nos. 8, 9. On December 28, 2023, Plaintiff filed a motion to amend her Complaint, seeking to add Pennsylvania-specific claims, as well as allegations related to Plaintiff's diagnosis, treatment, and discovery of her permanent hair loss. ECF No. 26 at 5-6. Defendants filed a response, ECF No. 27, making this motion ripe for review.

## II. STANDARD OF REVIEW

After the deadline to amend pleadings as of right has passed, a party may amend only with the opposing party's consent (which it does not have here) or with leave of court, which should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). A motion for leave to amend is properly denied where there is undue delay "coupled with an additional consideration, such as prejudice to the opposing party." *Merican, Inc. v. Caterpillar Tractor Co.*, 596 F. Supp. 697, 704-05 (E.D. Pa. 1984) (citing *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 939 (3d Cir. 1984)) (additional citation omitted). Prejudice is defined as "undue difficulty in prosecuting a lawsuit as a result of a change in tactics or theories on the part of the other party." *Id.* at 705 (citing *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)). The decision to "grant or den[y] . . . an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Plaintiff's initial Short Form Complaint contained a series of checkboxes reflecting the counts asserted by the individual plaintiff. ECF No. 26, Ex. 2 at 4. One box was labeled "Other" and stated that "Plaintiff(s) may assert the additional theories and/or State Causes of Action against

Defendant(s) identified by selecting 'Other' and setting forth such claims below." *Id.* at 4. Plaintiff did not check this box in her Short Form Complaint. *Id.* By way of explanation, Plaintiff claims that the MDL Court's Pretrial Order No. 105 (ECF No. 27, Ex. I ("PTO 105")) "limited the substance of what Plaintiff would be granted leave to file" in an amended Short Form Complaint. ECF No. 26 at 3-4. However, PTO 105 was filed on May 11, 2020 – more than 29 months after Plaintiff filed her Short Form Complaint. *See* PTO 105 at 2. Moreover, PTO 105 specifically allowed individual plaintiffs to "amend their complaints to add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or [regarding] Plaintiff's communications with medical professionals." *Id.* at 1.

Plaintiff is silent as to why she did not amend her complaint to add Pennsylvania-specific claims or case-specific facts between December 8, 2017 and May 10, 2020, before PTO 105 was filed. (At least one other individual case, filed on August 1, 2018, contained Pennsylvania-specific claims. *See* ECF No. 27, Ex. T.). Nor does Plaintiff explain why she refrained from amending her complaint to add "facts related to her breast cancer diagnosis and treatment" – which she seeks to add now – at any time after December 8, 2017, since such an amendment was explicitly authorized by PTO 105. ECF No. 26 at 6; *see* PTO 105 at 2 ("Plaintiffs may amend their Complaints to add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment . . . .").

Plaintiff has had ample time to amend her complaint, but has not done so. Instead, as Defendants note, Plaintiff now seeks to do so "after the completion of general fact and expert discovery, general causation and *Daubert* briefing, and two bellwether trials." ECF No. 27 at 12. Adding new theories of liability and new facts that change the framing of the case at this stage could require Defendants "to engage in additional, and possibly duplicative, discovery, and would

3

necessitate a length[ier] and [more] complicated trial." *Merican*, 596 F. Supp. at 706 (collecting cases).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**